# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

TROY M. LITTLE,
      Petitioner,

     v.

COMMISSIONER OF CORRECTIONS,
*et al.*,
      Respondents.

No. 3:14-cv-654 (JAM)

## ORDER TO SHOW CAUSE
## WHY PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED

Petitioner Troy M. Little is a prisoner of the Connecticut Department of Correction. He has filed in this Court a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He seeks to challenge his convictions in Connecticut state court for manslaughter and for carrying a pistol without a permit, for which he was sentenced principally to a term of 32 years of imprisonment.

Based on my preliminary review, it appears that the petition must be denied on the ground that it was not timely filed. The purpose of this ruling is to explain the basis for my concern and to require petitioner to file a response that explains, if truthfully possible, why his petition has not been filed too late to allow it to be considered by this Court.

Petitioner should file his response with the Court within 30 days from today, no later than **Wednesday, July 22, 2015**. If the Court has not received a response from him by that date, then the Court will dismiss his petition on the ground that it was not timely filed as required by law.

### BACKGROUND

In May 2003, in the Connecticut Superior Court for the Judicial District of New Haven, a jury found petitioner guilty of one count of manslaughter and one count of carrying a pistol without a permit. *See* Doc. #1 at 2. On July 18, 2003, a state court judge sentenced petitioner to a

total effective sentence of 32 years of imprisonment. *See ibid.*; *see also Little v. Warden, State Prison*, 53 Conn. Supp. 236, 238-39, 88 A.3d 621, 624 (Conn. Super. Ct. 2011) (state habeas court ruling describing facts and procedural background).

Petitioner appealed. On May 3, 2005, the Connecticut Appellate Court affirmed the judgment of conviction. *See State v. Little*, 88 Conn. App. 708, 870 A.2d 1170 (2005). Then, on July 12, 2005, the Connecticut Supreme Court denied a petition for certification to appeal from the decision of the Connecticut Appellate Court. *See State v. Little*, 274 Conn. 916, 879 A.2d 895 (2005). At that point, petitioner had 90 days to file a petition for certiorari review by the United States Supreme Court, *see* U.S. Supreme Court Rule 13.1, but he did not file a petition for certiorari. Doc. #1 at 4.

It appears that nearly three years elapsed before petitioner again pursued any other court challenge to his convictions. He filed two habeas corpus petitions in Connecticut state court on April 7, 2008, and on October 3, 2008. The state court consolidated the petitions in August 2010. *See Little v. Warden, State Prison*, TSR-CV-08-4002328-S (Conn. Super. Ct. Aug. 27, 2010); *Little v. Warden, State Prison*, TSR-CV08-4002685-S (Conn. Super. Ct. Aug. 27, 2010).

On August 26, 2011, following an evidentiary hearing, a Superior Court judge issued a decision denying the state petitions for writs of habeas corpus. *See Little*, 53 Conn. Supp. at 257. On January 14, 2014, the Connecticut Appellate Court dismissed petitioner's appeal of this ruling. *See Little v. Commissioner of Correction,* 147 Conn. App. 520, 83 A.3d 701 (2014). On March 12, 2014, the Connecticut Supreme Court denied certification to appeal the decision of the Connecticut Appellate Court. *See Little v. Commissioner of Correction*, 311 Conn. 928, 86 A.3d 1056 (2014). Petitioner then filed his petition for a federal writ of habeas corpus in this Court on

May 9, 2014.

DISCUSSION

A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Subject to certain exceptions, federal law requires that a federal petition for habeas corpus relief be filed within one year of a state court conviction becoming final. *See* 28 U.S.C. § 2244(d)(1).[1] A state court conviction becomes "final" at the conclusion of any direct appeal of a conviction—specifically, on the date when the highest court to which petitioner has sought review has denied relief or, if he has not sought such review, the date when the time for seeking such review has expired. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012); *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001).

The one-year time limit is subject to tolling for certain reasons. First, the time limit may be tolled for any period of time that a petitioner has maintained collateral or other non-direct-- appeal challenges to his conviction in the state courts (for example, by means of filing a state

---

[1] The statute, 28 U.S.C. § 2244(d)(1), provides in full as follows:
"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
    **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

3

court habeas corpus petition). *See* 28 U.S.C. § 2244(d)(2).[2] *See also Lawrence v. Florida*, 549 U.S. 327 (2007); *Saunders v. Senkowski*, 587 F.3d 543, 547-49 (2d Cir. 2009). The time limit may also be subject to tolling if there are truly extraordinary equitable circumstances that prevented a petitioner from filing a petition on time. *See, e.g., Holland v. Florida*, 560 U.S. 631 (2010); *Dillon v. Conway*, 642 F.3d 358 (2d Cir. 2011) (*per curiam*).

Here, petitioner's conviction became final for purposes of the one-year time limit on approximately October 12, 2005—the date when his time expired on direct appeal for seeking certiorari review from the United States Supreme Court. Accordingly, unless the one-year time limit was tolled for some reason, his time to file a federal habeas corpus petition expired on approximately October 12, 2006.

It appears doubtful that there is any basis for tolling in this case. Petitioner's papers do not indicate that any collateral challenge to his conviction was pending at any time before October 12, 2006. To the contrary, after petitioner's direct appeal concluded in 2005, it seems that petitioner did not seek any further relief in any court until 2008. The fact that he eventually filed a collateral challenge in state court only *after* the one-year time limit had already expired would not trigger the tolling provision of 28 U.S.C. § 2244(d)(2) or otherwise reset the time limit for seeking federal habeas corpus relief. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000).

Nor do any grounds for equitable tolling appear in petitioner's papers. It is noteworthy that petitioner has used a boilerplate form to file his federal habeas corpus petition and that he has left blank on the form a section that inquires whether his filing is in compliance with the one-year time limit under 28 U.S.C. § 2254(d). Doc. #1 at 19-20.

---

[2] The statute, 28 U.S.C. § 2244(d)(2), provides in full as follows: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

It appears, therefore, that the petition has not been timely filed. The Court, however, will provide petitioner an opportunity to respond in the event that the Court is not aware of or has misunderstood certain facts or circumstances that may bear on this issue. *See Day v. McDonough*, 547 U.S. 198, 209, 210 (2006) (noting that "district courts are permitted, but not obliged, to consider, *sua sponte,* the timeliness of a state prisoner's habeas petition" but that "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions").

## CONCLUSION

Petitioner shall file a response with the Court no later than **July 22, 2015**, setting forth specific facts and argument to show that his petition for habeas corpus has been timely filed. If petitioner does not file a response by July 22, 2015, then the Court will dismiss the petition for writ of habeas corpus on the ground that it has not been filed within the one-year time limit for filing pursuant to 28 U.S.C. § 2244(d).

It is so ordered.

Dated at Bridgeport this 22nd day of June 2015.

/s/ ***Jeffrey Alker Meyer***
Jeffrey Alker Meyer
United States District Judge