# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| TROY M. LITTLE,<br>*Petitioner*,<br><br>v.<br><br>COMMISSIONER OF CORRECTION, *et al.*,<br>*Respondents*. | No. 3:14-cv-00654 (JAM) |

### RULING ON PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Troy Little brings this action *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 21, 2003, following a jury trial in Connecticut state court, Little was convicted on charges of first-degree manslaughter and unlawful carrying of a pistol without a permit. Little now challenges his conviction on three grounds: (1) that the trial court unfairly marshaled the evidence in its charge to the jury, (2) that the prosecutor committed misconduct during closing arguments, and (3) that he received ineffective assistance of counsel. Because it is clear to me that the Connecticut state courts did not unreasonably apply federal law in rejecting all of these claims, I will deny the petition.

### BACKGROUND

On August 17, 2000, one of the occupants of a house at 25 Lilac Street in New Haven found the body of Kishawn Council on the back steps of the house. The cause of death was a gunshot. Little surrendered himself to the police on April 1, 2001, and he was arrested and charged with murder and carrying a pistol without a permit. The jury trial began on May 12, 2003, in the Superior Court, Judicial District of New Haven, and the trial lasted six days, concluding on May 20, 2003.

1

The prosecution's evidence included the testimony of multiple eyewitnesses, the medical examiner who conducted the autopsy, and a firearms examiner. This evidence established that on the night of August 16, 2000, Little was walking with four young women along Lilac Street, and Council drove a black car alongside the group as it walked. Council called out to the women to get their attention, and Little and Council soon began to argue. Council continued to follow alongside the group as the two men argued. Council then got out of his car and punched Little in the face, while Little tried to hit Council with a stick. A bystander broke up the fight and separated the two men. Council returned to his car, and Little ran across the street to a friend and asked him for a gun. Little's friend initially refused, but subsequently gave him a black nine millimeter handgun after he saw Council reach inside the car. Armed with the gun, Little chased Council in between two houses on Lilac Street and then fired at Council from the driveway between the two houses. *See State v. Little*, 88 Conn. App. 708, 709–11 (2005). Little's theory of defense at trial was that there were inconsistencies in the testimony of the State's witnesses, that the State's witnesses were not credible, that the forensic evidence did not support the State's case, and that the State had not proved its case.

The jury found Little guilty of the lesser included offense of manslaughter in the first degree and of carrying a pistol without a permit. The trial court rendered judgment accordingly and sentenced Little to a total effective sentence of 32 years in prison.

Little subsequently appealed his conviction to the Connecticut Appellate Court. He raised two grounds: (1) the trial court violated his Due Process rights by marshaling the evidence in favor of the state, and (2) the prosecutor committed misconduct that resulted in a denial of his Due Process rights to a fair trial. The Appellate Court rejected these claims and affirmed the conviction in May 2005. *See Little*, 88 Conn. App. at 720. The Connecticut Supreme Court denied discretionary review. *See State v. Little*, 274 Conn. 916 (2005).

About five years later, Little filed a state habeas corpus petition in the Connecticut Superior Court on December 20, 2010.[1] Little alleged that he was denied the effective assistance of counsel prior to his criminal trial, at his criminal trial, and on appeal from his conviction. He alleged that his trial counsel, Thomas Farver, failed to: (1) communicate to him a plea bargain made by the state, (2) properly examine a key witness, and (3) request balancing language in the court's consciousness-of-guilt charge. Little further alleged that his appellate counsel, Richard E. Condon, Jr., failed to adequately address the consciousness-of-guilt charge on appeal.

On May 13, 2011, the state habeas court held an evidentiary hearing and heard the testimony of five witnesses. The court also reviewed Farver's notes of a conversation with the prosecutor, the transcripts of the trial in the underlying criminal case, documents related to Little's appeal, and the notice and transcript of Condon's deposition. The court denied the petition on August 26, 2011. *See Little v. Warden, State Prison*, 53 Conn. Supp. 236 (Conn. Super. Ct. 2011). Little appealed this decision to the Connecticut Appellate Court, which dismissed the appeal on January 14, 2014. *See Little v. Comm'r of Correction*, 147 Conn. App. 520 (2014). Little subsequently sought certification from the Connecticut Supreme Court, which denied the petition for certification on March 12, 2014. *See Little v. Comm'r of Correction*, 311 Conn. 928 (2014).

On May 9, 2014, Little filed this federal habeas corpus action pursuant to 28 U.S.C. § 2254. Little first claims that the trial court improperly marshaled the evidence against him and in favor of the State in its instructions to the jury. He contends that the court repeatedly referenced the State's evidence on motive and the State's theory of the case, but ignored his evidence and

---

[1] Although a substantial question exists whether Little's federal habeas corpus petition is time-barred by the one-year statute of limitations for seeking relief, *see* 28 U.S.C. § 2244(d)(1), the state respondent has elected instead to defend against the petition on its merits in light of Little's arguments for equitable tolling.

defense theory throughout the jury charge. Second, Little alleges that the prosecutor committed misconduct during closing arguments by improperly appealing to the jury's passions, emotions, and prejudices. Finally, he argues that he suffered ineffective assistance of trial counsel and appellate counsel. He alleges that trial counsel failed to: (1) communicate pre-trial settlement information to Little, (2) adequately question a key witness, and (3) object to the trial court's instruction on flight and consciousness of guilt. Little also contends that appellate counsel was ineffective for failing to raise any issues relating to consciousness of guilt and flight on direct appeal.

## DISCUSSION

Federal courts have very limited authority to overturn state court convictions. A state court defendant seeking relief by way of a federal petition for a writ of habeas corpus must show that his state court conviction was rendered by means of a clear violation of clearly established federal law—*i.e.*, that the state court's adjudication of his claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or that it "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

A state court decision involves an "unreasonable application" of federal law under § 2254(d)(1) if the state court identifies the correct governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011). Alternatively, a petitioner may prevail under § 2254(d)(2) by showing that a state court's decision was "contrary to" federal law by demonstrating either that the state court reached a conclusion of law that directly contradicts a holding of the Supreme Court, or that, when presented with "facts that are materially

4

indistinguishable from a relevant Supreme Court precedent," the state court arrived at a result opposite to the one reached by the Supreme Court. *Bell v. Cone*, 543 U.S. 447, 453 (2005).

This is a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen*, 563 U.S. at 181. As the Supreme Court has more recently explained, "[w]hen reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (*per curiam*).

Section 2254 also requires deferential review of factual determinations by state courts. A habeas corpus petition by a state prisoner may not be granted unless the state court decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A federal court may not overturn a state court's factual finding merely because it would have reached a different conclusion in the first instance; rather, the federal court must defer to the state court's factual finding so long as reasonable minds might disagree about whether the finding was a correct one. *See Brumfield v. Cain*, 135 S. Ct. 2269, 2277 (2015).

*Marshaling of Evidence*

Little first asserts that, during its charge to the jury, the trial court improperly marshaled the evidence against Little and in favor of the State. Under the Supreme Court's jurisprudence, errors with respect to state jury instructions are generally not grounds absent prejudice for federal habeas corpus relief. *See Estelle v. McGuire*, 502 U.S. 62, 71–72 (1991) ("the fact that the instruction was allegedly incorrect under state law is not a basis for habeas relief."); *see also Rodriguez v. Heath*, 648 Fed. App'x 136, 139 (2d Cir. 2016). To obtain relief, Little must establish not only that the instruction was in error but that this error "so infected the entire trial

5

that the resulting conviction violates due process." *Rodriguez*, 648 Fed. App'x at 139 (quoting *Cupp v. Naughten*, 414 U.S. 141, 146-47 (1973)). In addressing this question, "the challenged instruction 'may not be judged in artificial isolation,' but must be considered in the context of the instructions as a whole and the trial record." *Estelle*, 502 U.S. at 72 (quoting *Cupp*, 414 U.S. at 147).

Here, I cannot conclude that the Connecticut Appellate Court unreasonably applied federal law when rejecting Little's challenge to the trial court's jury instructions. *See Little*, 88 Conn. App. at 714 & n.1 (discussing and quoting charge). Little argues that the trial judge's marshaling of the evidence to the jury was biased because it unduly emphasized evidence supporting the prosecution's case while diminishing or ignoring evidence supporting Little's defense. But because it is the prosecution that bears the burden of proof at trial and because a defendant has no burden at all to present any evidence, there is nothing inherently suspect about a jury charge that devotes more space to describing what it is that the prosecution alleges.

The trial judge's unobjected-to instruction in this case, taken as a whole, was not biased or prejudicial. The instruction did recount some details of the prosecutor's theory of the case, chiefly to explain the proper evaluation of motive and consciousness-of-guilt evidence, Doc. #12-22 at 63–64, 82–84, and did not specifically refer to any defense theory or evidence. The Supreme Court has never held, however, that jury instructions must give equal time or weight to each side's evidence or theory of the case.[2] The state court's conclusion that the instructions did

---

[2] There is a rule, followed in many circuits including the Second, that criminal defendants are entitled to jury instructions that reflect their theory of the case. *See, e.g.*, *United States v. Carmona*, 361 Fed. App'x 166, 171–72 (2d Cir. 2010); *United States v. Durham*, 825 F. 2d 716, 719 (2d Cir. 1987) ("We note that this rule is accepted in other circuits as well."). But there does not appear to be any authoritative Supreme Court case establishing this ruling (making it an improper ground for relief under § 2254(d)), and in any event it does not appear that the defense submitted any proposed instructions presenting its theory of the case that were rejected by the trial court. Doc. #12-22 at 4–9.

not deprive Little of a fair trial was not contrary to, or an unreasonable application of, the Supreme Court's precedents.

### *The Prosecutor's Closing Argument*

Little next asserts that the prosecutor made unfairly prejudicial comments on the evidence during the course of his closing statements. Under applicable Supreme Court precedent, a prosecutor's misconduct gives rise to constitutional due process violation only when it "so infect[s] the trial with unfairness" to deny the defendant's right to a fair trial. *See Donnelly v. DeChristofor*, 416 U.S. 637, 643 (1974); *see also Jackson v. Conway*, 763 F.3d 115, 149 (2d Cir. 2014) (the prosecutor's misconduct must be "so egregious" as to "deprive [a defendant] of his right to a fair trial"). As a general rule, "inappropriate prosecutorial comments, standing alone, would not justify a reviewing court to reverse a criminal conviction obtained in an otherwise fair proceeding." *United States v. Young*, 470 U.S. 1, 11 (1985); *United States v. Spaulding*, 631 Fed. App'x 5, 11 (2d Cir. 2015). "It is not enough that the prosecutors' remarks were undesirable or even universally condemned. The relevant question is whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986); *Jackson* 763 F.3d at 146.

Little complains that the prosecutor improperly appealed to the jury's passions, emotions, and prejudices by contending that Little "chase[d] and track[ed] down" and "hunted down" the victim. These allegedly improper remarks, however, were neither frequent nor severe. The remarks in question were limited to two brief mentions during closing and rebuttal arguments. Furthermore, as the Appellate Court reasonably concluded, given the testimonial evidence of several witnesses that Little, armed with a handgun, chased the victim down a street and chased him between two houses before shooting him, this characterization was neither untrue nor unreasonable. *See Little*, 88 Conn. App. at 717-18.

7

*Ineffective Assistance of Counsel*

A claim of constitutionally ineffective assistance of counsel is reviewed in light of the well-established, two-part standard set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a defendant must show deficient performance—that counsel's conduct "fell below an objective standard of reasonableness" established by "prevailing professional norms"—and, second, that this deficient performance caused prejudice. *Id.* at 687–88. As to the requirement to show deficient performance, "[j]udicial scrutiny of counsel's performance must be highly deferential," and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and that "the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks and citation omitted). As to the requirement to show prejudice, a defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

"Thus, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct *so undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen*, 563 U.S. at 189. As the Supreme Court has explained, the *Strickland* test itself is deferential to the strategic choices of counsel, and in the context of a federal court's limited review under 28 U.S.C. § 2254(d), the review becomes "doubly deferential." *Woods*, 135 S. Ct. at 1376.

Little argues that trial counsel was ineffective for failing to communicate pre-trial settlement information to him. Although the Supreme Court has held that "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused," *Missouri v. Frye*, 566 U.S. 134, 145 (2012), the state habeas court made a factual determination that the prosecutor never made

an offer to defense counsel. *See Little*, 53 Conn. Supp. at 245. Little has done nothing to show that this factual finding was clearly wrong. Moreover, Little cannot establish prejudice from any failure to convey a plea offer, because—as the state habeas court found—Little was adamant that he was going to proceed to trial. *Id.* at 245-46. Again, Little has not shown any grounds for me to conclude that the state habeas court's factual finding was clearly wrong.

Little next argues that trial counsel was ineffective for failing to adequately question Darrin Stanley about his statement at trial that he did not provide Little with a gun as the State claimed he had. The "conduct of examination and cross-examination is entrusted to the judgment of the lawyer," and an appellate court "should not second-guess such decisions unless there is no strategic or tactical justification for the course taken." *United States v. Luciano*, 158 F.3d 655, 660 (2d Cir. 1998); *see also United States v. Nersesian*, 824 F.2d 1294, 1321 (2d Cir. 1987) ("Decisions whether to engage in cross-examination, and if so to what extent and in what manner, are . . . strategic in nature" and will not support an ineffective assistance claim).

The state habeas court determined that trial counsel's decision not to ask Stanley follow-up questions "was a tactical one entitled to a strong presumption of reasonableness." *Little*, 53 Conn. Supp. at 251. Instead of asking follow-up questions, trial counsel decided to leave it alone at trial and to attack Stanley's prior inconsistent statement (that Little had a gun) in other ways: he undermined the reliability of Stanley's statement to the police in his cross-examination of the detective who took the statement, and in his closing argument, trial counsel emphasized the inconsistencies in Stanley's statements and the manner in which the police obtained Stanley's recorded statement. *Id.* at 251-52.

It was not an unreasonable application of the law for the state habeas court to conclude that counsel's manner of challenging the evidence was a matter within strategic discretion. Indeed, once a witness has made a statement that is favorable to the defense case, it is a well-

9

established cautionary principle of cross-examination to be wary of following up with the witness for fear that the witness may backtrack or dilute the force of the prior favorable statement. I agree that trial counsel's decision was strategic and therefore fell within the wide range of acceptable professional assistance.

Moreover, it was not unreasonable for the state habeas court to conclude that Little did not suffer prejudice, in view that three other witnesses testified that Little sought a gun from Stanley, and two testified that they saw Little get a gun either directly from Stanley or from his immediate vicinity. *See Little*, 53 Conn. Supp. at 252.

Little next argues that both his trial and appellate counsel were ineffective with respect to challenging the trial court's issuance of a consciousness-of-guilt instruction (premised on the fact that Little left Connecticut very soon after the killing of the victim). *See* Doc. #12-22 at 62-63 (trial court's consciousness-of-guilt instruction). According to Little, trial counsel was deficient because he failed to request balancing language in the consciousness-of- guilt charge, and appellate counsel was ineffective for failing to raise any challenge to the consciousness-of-guilt charge on appeal.

The state habeas court considered and rejected these arguments. *See Little*, 53 Conn. Supp. at 252-57. Little has done nothing to undermine the evidentiary basis for the charge to be given or to show that federal constitutional law prevents a jury from inferring that a defendant's flight from the area soon after a crime is indicative of the defendant's consciousness of guilt. Moreover, the state habeas court reasonably relied upon applicable Connecticut case law for the proposition that "while a court's flight instruction may include innocent explanation language, it is not required to do so." *Id.* at 254. Little cites no Supreme Court case that requires such balancing language as a matter of federal constitutional law, much less a case that requires trial counsel to seek balancing language in the first place.

Lastly, as to Little's challenge to the adequacy of his appellate counsel, this claim fails on grounds that Little has not established any error in the first instance arising from the trial court's issuance of a consciousness-of-guilt charge. In the absence of any such error, there can be no claim that his appellate counsel was ineffective for failing to pursue a challenge, much less that the state habeas court was unreasonable when it rejected Little's ineffective-assistance-of-appellate-counsel claim. *Id.* at 256-57.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus (Doc. #1) is DENIED. Because Little has not made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2), no certificate of appealability shall enter. The Clerk is directed to enter judgment in favor of respondents and to close this case.

It is so ordered.

Dated at New Haven this 5th day of December 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge